107 F.3d 2
 75 Fair Empl.Prac.Cas. (BNA) 736
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James R. ELLIS, Plaintiff-Appellant,
v.
PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY and Provident
Life & Casualty Insurance Company, Defendants-Appellees.
 No. 96-7755.
 United States Court of Appeals, Second Circuit.
 Feb. 24, 1997.
 
 1
 Jeffrey L. Liddle, Liddle & Robinson, New York, NY.
 
 
 2
 J. Alan Lips, Taft, Stettinius & Hollister, Cincinnati, OH.
 
 
 3
 Present WALKER, JR., PARKER, HEANEY,* Circuit Judges.
 
 
 4
 Plaintiff-Appellant James R. Ellis appeals from a judgment for defendants-appellees Provident Life & Accident Insurance Company and Provident Life & Casualty Insurance Company (collectively "Provident") following a bench trial.
 
 
 5
 This action arose from Provident's decision to create a new branch office to handle insurance business in Long Island. Ellis worked as the branch manager of Provident's New York branch office, which previously handled the Long Island territory, since 1972. On December 11, 1991, Ellis filed a complaint alleging that age was a substantial factor in Provident's decision to divide his territory, in violation of 29 U.S.C. § 623(a) of the Age Discrimination in Employment Act and N.Y. Exec. Law § 296(1).
 
 
 6
 The district court conducted a bench trial from April 15, 1996 through April 18, 1996 by agreement of both parties. In addition to the live testimony presented at the trial, the parties submitted exhibits and deposition testimony for the consideration of the district court. On May 22, 1996, the district court issued a written opinion denying plaintiff's claims. Ellis v. Provident Life & Acc. Ins. Co., 926 F.Supp. 417 (S.D.N.Y.1996).
 
 
 7
 Plaintiff takes no issue with any particular finding of fact or conclusion of law, but rather argues that comments made by the district judge and the court's interrogation of plaintiff's expert exhibited a predisposition against plaintiff's case that resulted in denying him a fair trial. We find no merit in plaintiff's argument. A district judge has significant discretion in conducting a bench trial. See Liteky v. United States, 510 U.S. 540, 555 (1994) (noting that comments must reveal a high degree of favoritism or antagonism making fair judgment impossible); U.S. v. I.B.M. Corp. (In re I.B.M. Corp.), 618 F.2d 923, 930-32 (2d Cir.1980); In re J.P. Linahan, Inc., 138 F.2d 650, 651, 653-54 (2d Cir.1943). This court noted in J.P. Linahan that a district judge must "cannily penetrate through the surface of [a party's] remarks to their real purposes and motives." 138 F.2d at 654. "Impartiality is not gullibility." Id. Although witnesses may have felt intimidated by aggressive questioning by the district judge, this does not establish the presence of bias requiring a new trial. I.B.M., 618 F.2d at 930-31. In this case, the district judge's comments and questions were within the wide latitude accorded to district judges in this circuit in their conduct of a non-jury trial.
 
 
 8
 Moreover, even assuming that the comments and questioning by the judge were sufficiently serious to bring into question the fairness of the proceedings, the failure of plaintiff's counsel to make timely and specific objections to the district court's actions constitute a waiver of his right to raise these arguments on appeal. Fed.R.Evid. 614(c). The failure to object lends additional credence to the view that however prejudicial a particular action may seem on the cold record on review, its actual impact at trial could not have been as prejudicial as is now argued because plaintiff did not object during the trial.
 
 
 9
 The only challenge to the district court's detailed opinion is a general one: that the district court ignored "direct evidence" of age discrimination. We find no merit in this argument. The district court's factual finding that certain comments in the record were "stray comments" gathered from individuals who were not relevant decision-makers, Ellis, 926 F.Supp. at 425, are not clearly erroneous. The court did not "ignore" evidence, but instead resolved the dispute in a manner unfavorable to plaintiff.
 
 
 10
 We have considered all of appellant's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit, sitting by designation